IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK12-82349-TJM |
| | ) | |
| CHERISH L. BOYLAN, | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on July 15, 2013, on an application for administrative expenses filed by creditors Christopher and Dusti Maroney (Fil. #44) with an objection filed by Debtor (Fil. #46). Charles B. Garman appeared for Debtor and Shaun M. James appeared for Mr. and Mrs. Maroney. Evidence and briefs were submitted, and the matter was taken under advisement. This order contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(B).

The underlying facts are not in dispute. On May 19, 2012, Debtor and her non-debtor husband, Joe Boylan, entered into a residential lease of the real property located at 1505 Ridgeview Drive, Papillion, Nebraska. The property owners and landlords under the lease are Mr. and Mrs. Maroney. On October 4, 2012, Debtor filed this Chapter 13 bankruptcy case. Debtor subsequently filed her Chapter 13 plan, which provided, in part, that she assumes the unexpired lease with Mr. and Mrs. Maroney. Thereafter, Debtor, her husband, and Mr. and Mrs. Maroney entered into a stipulation which provided for the assumption of the lease, a cure of certain defaults under the lease, and established certain remedies for a default under the terms of the stipulation (Fil. #28). After notice, no objections were filed to the stipulation. On January 9, 2013, the court approved the stipulation (Fil. #34) and the Chapter 13 plan was confirmed on January 14, 2013 (Fil. #35).

Subsequently, Debtor and her husband defaulted under the terms of the stipulation and the assumed lease by failing to make payment when due. Mr. and Mrs. Maroney, through their attorney, gave Debtor and her husband notice and opportunity to cure in accordance with the terms of the stipulation. Debtor and her husband failed to cure the default. On April 16, 2013, in accordance with the stipulation, the court issued an order granting Mr. and Mrs. Maroney relief from the automatic stay (Fil. #42).

Debtor and her husband vacated the leased premises on or about April 17, 2013. Mr. and Mrs. Maroney found a new tenant who took possession of the leased premises on July 1, 2013. Mr. and Mrs. Maroney assert that they are owed $5,535.34 for unpaid rent and late fees under the terms of the lease. Debtor does not dispute that amount. Mr. and Mrs. Maroney also assert damages in the amount of $3,038.99 to clean, repair, and maintain the leased premises to make the same available for the new tenant. Debtor does not dispute any of those damage claims. Finally, Mr. and Mrs. Maroney assert entitlement to legal fees and expenses in the amount of $1,610.95 incurred in protecting their interest in the leased premises. Again, Debtor does not dispute that amount. Thus,

Mr. and Mrs. Maroney have suffered damages in the amount of $10,185.28 for which they seek an administrative expense claim under 11 U.S.C. § 503.

Debtor does not dispute Mr. and Mrs. Maroney's right to a claim, but asserts that the claim should be a general unsecured claim rather than an administrative expense claim. 11 U.S.C. § 365(a) provides that, subject to court approval, a debtor may assume or reject an executory contract or lease.[1] Debtor chose to do so, and the court implicitly agreed that the lease assumption was in the best interests of Debtor and the estate by approving the stipulation and confirming the plan.

11 U.S.C. § 503(b) states that after notice and hearing, there shall be allowed as administrative expenses the actual, necessary costs and expenses of preserving the estate. The assumption of the lease allowed Debtor and her husband to have a place to live. Therefore, the lease (and its assumption) constitutes a necessary cost and expense of preserving the estate and the damages flowing from a breach of that lease should be allowed as an administrative expense pursuant to § 503(b)(1)(A).

I agree with the opinion of Judge Timothy J. Mahoney in the case of *In re Masek*, 301 B.R. 336 (Bankr. D. Neb. 2003). In that case, Judge Mahoney engaged in an extensive analysis of the issue of whether a post-assumption breach of a lease gives rise to an administrative expense claim for the damages resulting from the breach. Rather than restate the entire *Masek* analysis, I will simply state that I agree with its reasoning and find that Mr. and Mrs. Maroney are entitled to an administrative expense claim for all damages resulting from the breach of the lease that Debtor and her husband assumed by stipulation and pursuant to Debtor's confirmed Chapter 13 plan. Because Debtor does not dispute the amounts claimed by Mr. and Mrs. Maroney, I find that they are entitled to an administrative expense claim in the amount of $10,185.28.

IT IS, THEREFORE, ORDERED that the application for administrative expenses filed by Mr. and Mrs. Maroney (Fil. #44) is granted.

DATE: August 14, 2013.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

---

[1] The statute actually uses the term "trustee" instead of "debtor," but pursuant to 11 U.S.C. § 1303, a debtor has the rights and powers of a trustee under § 363(l), which includes the right to lease property subject to the provisions of § 365.

Notice given by the Court to:
    Charles B. Garman
    *Shaun M. James
    Kathleen Laughlin
    United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.